UNITED STATES of America, Appellee,

v.

George Gordon LIDDY and Ida Maxwell Wells, Petitioners,

Robert Spencer Oliver, et al., Appellees.

No. 73–1020.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 19, 1998.

Decided March 6, 1998.

John W. Williams argued the cause for cross-petitioner George Gordon Liddy, with whom Ty Cobb was on the briefs.

David J. Branson, Washington, DC, argued the cause and filed the briefs for petitioner Ida Maxwell Wells.

Elizabeth Trosman, Assistant U.S. Attorney, Washington, DC, argued the cause for appellee United States of America, with whom Mary Lou Leary, U.S. Attorney at the time the brief was filed, Washington, DC, and John R. Fisher, Assistant U.S. Attorney, were on the brief.

R.C. Slagle, III, Washington, DC, pro hac vice, argued the cause and filed the brief for appellee Robert Spencer Oliver.

Before: EDWARDS, Chief Judge, SILBERMAN and HENDERSON, Circuit Judges.

Opinion for the Court filed Per Curiam.

PER CURIAM:

This cause came before us on petitions seeking clarification of the court's unpublished Order of January 19, 1973. *See United States v. Liddy,* No. 73–1020 (D.C.Cir. January 19, 1973), *rev'g in part United States v. Liddy,* 354 F.Supp. 217, 221 (D.D.C. 1973); *see also United States v. Liddy,* 509 F.2d 428, 446 (D.C.Cir.1974) (referring to unpublished Order). The Order prohibited admission of evidence as to the contents of telephone conversations at Democratic National Committee Headquarters intercepted in May and June 1972 under the direction of G. Gordon Liddy.

The court has determined that there is no question before it suitable for adjudication. The petitions concern the current effect of the Order. The language of that Order clearly indicates that it was a suppression order, the scope of which was coterminous with the scope of the evidence-barring provision of the wiretapping statute, 18 U.S.C. § 2515. As a suppression order, the Order was applicable only to the criminal trial of *United States v. Liddy,* Crim. No. 1827–72 (D.D.C.1973), *aff'd, United States v. Liddy,* 509 F.2d 428 (D.C.Cir.1974), and was not binding in any other proceeding. There is therefore no issue relating to the Order properly before the court.

In reaching this judgment, we in no way suggest that disclosure of the matters in question here would be permissible in any context under the terms of 18 U.S.C. §§ 2511 and 2515; nor do we mean to decide whether cross-petitioner Liddy has standing even to seek disclosure of the matters in question. These issues are not properly before us and we offer no opinion on them.

*Petitions Denied.*